**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SERGIO ALFREDO COC-LACAN, | No. 16-70286 |
| Petitioner, | Agency No. A205-300-873 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018**

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Sergio Alfredo Coc-Lacan, a native and citizen of Guatemala, petitions for
review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal
from an immigration judge's decision denying his application for asylum and
withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Substantial evidence supports the agency's conclusion that, even if Coc-Lacan's family constitutes a particular social group, he failed to establish a nexus between the harm he experienced in the past and fears in the future and a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account* of his membership in such group" (emphasis in original)); *Molina-Estrada v. INS*, 293 F.3d 1089, 1095 (9th Cir. 2002) (petitioner failed to establish nexus where "the evidence would *permit* a finding" that he was persecuted on account of his family membership, but did not "*compel* that finding" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Contrary to Coc-Lacan's contentions, the BIA did not err in declining to reach his additional arguments regarding past persecution or a well-founded future fear of persecution. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004). Thus, his asylum and withholding of removal claims fail.

**PETITION FOR REVIEW DENIED.**

16-70286